UNITED STATES of America, Appellee,

v.

Edward Eugene THOMPSON,
Appellant.

No. 84–5148.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1984.

Decided Jan. 2, 1985.

Scott Tilsen, Minneapolis, Minn., for appellant.

Joseph T. Walbran, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, and BRIGHT and BOWMAN, Circuit Judges.

PER CURIAM.

Edward Eugene Thompson appeals his conviction of possession of a firearm by a previously convicted felon pursuant to 18 U.S.C.App. § 1202(a)(1) (1982). Thompson challenges the denial of his motion to suppress the firearm discovered during a search of his apartment on the ground that the search warrant and its supporting affidavit were facially invalid. We hold that the affidavit provided sufficient probable cause on which to issue the search warrant under the guidelines set out by the United States Supreme Court in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The conviction of Thompson is therefore affirmed.

On March 23, 1984, a search warrant was executed by Minneapolis Police Narcotic Division officers for a search of Thompson's residence at 2819 Pillsbury Avenue South, apartment 103, Minneapolis, Minnesota; Thompson's motor vehicle; and Thompson's person. The objects described in the warrant included marijuana, drug paraphernalia, and handguns. During the search of the residence, several items including a .32 caliber revolver were seized. Subsequently, Thompson was arrested and indicted as a felon in possession of a firearm.

Thompson moved to suppress evidence obtained from the search of his residence on the ground that the evidence seized was obtained in violation of his fourth amendment rights. The motion was denied by the district court[1] on May 15, 1984. On June 19, 1984, Thompson entered a conditional plea of guilty to being a felon in possession of a firearm, pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure. This rule preserves the right to appeal from the judgment of conviction in order to seek review of the denial of the motion to suppress evidence.

■ On appeal, Thompson challenges the sufficiency of the affidavit of Sergeant Ronald Johnson in support of the warrant to search Thompson's residence. According to Thompson, the affidavit was no more than a "bare bones" affidavit, and did not establish probable cause under the "totality of circumstances" test of *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Under that standard,

> [t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate

---

1. The Honorable Miles W. Lord, Chief Judge of the United States District Court for the District of Minnesota.

had a "substantial basis for ... conclud[ing]" that probable cause existed. *Id.* 103 S.Ct. at 2332 (quoting *Jones v. United States,* 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960)). We are convinced that the state district court judge had a substantial basis for concluding that probable cause existed for the issuance of the search warrant. Applying the totality of circumstances analysis to this case, we believe that what the affidavit set forth concerning specific factual information, first-hand observation by the confidential informant of criminal activity inside the residence, the reliable information given by the informant in the past, and the partial corroboration by police officers suffices for the practical, common-sense decision required by *Gates.*

▇▇ According to the affidavit, the confidential informant had advised Sergeant Johnson that within the prior seventy-two hours, the informant had been in the defendant's residence and had "observed a black male known to the informant by the nickname 'Rock' selling marijuana in the apartment." The informant further stated that while he was in the apartment, he had observed Rock with a .38 caliber revolver. The informant also stated that Rock sells marijuana on a regular basis from that apartment, and lives there with a black female who works as an exotic dancer. The informant told Sergeant Johnson Rock's telephone number and described the motor vehicle driven by Rock. The affidavit stated that the informant had been proven reliable by making controlled purchases for Sergeant Johnson over the past year, which led to the issuance of several search warrants and felony narcotic charges on at least three different individuals. The affidavit also states that information supplied by the informant was partially verified by Sergeant Johnson: a vehicle matching the informant's description was observed at the residence; a check with Motor Vehicle Registration indicated the vehicle was registered to the defendant; according to telephone company records, the telephone number recited by the informant was located at the residence and was in the name of the defendant; electric company records indicated that electricity for the residence was in the defendant's name; and Sergeant Johnson contacted the Police Identification Bureau and learned that the defendant had a long criminal record.

▇▇ Thompson argues that the corroboration of the information provided by the informant was limited to innocent details, that is, the affidavit provided no corroborative information concerning any *illegal* activity. A panel of this court recognized in *United States v. Little,* 735 F.2d 1049, 1055 (8th Cir.1984), however, that "completely innocent activity can provide sufficient corroboration in some circumstances." Moreover, probable cause does not require certainty of criminal activity, but only probability. *See United States v. Rose,* 731 F.2d 1337, 1344 (8th Cir.1984). First-hand observations of criminal activity by a reliable informant in conjunction with police corroboration of factual details provides just this probability. The judgment of the district court therefore must be affirmed.