**UNITED STATES of America, Appellee,**

v.

**Alan Richard BLAKE, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Gary Evans LUNDGREN, Appellant.**

**Nos. 87-5455, 87-5456.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1988.

Decided Nov. 30, 1988.

Mark W. Peterson, Minneapolis, Minn., for Blake.

James M. Grochal, Minneapolis, Minn., for Lundgren.

Richard E. Vosepka, Asst. U.S. Atty., Minneapolis, Minn., for U.S.

Before HEANEY, FAGG, and WOLLMAN, Circuit Judges.

FAGG, Circuit Judge.

A jury convicted Alan Richard Blake and Gary Evans Lundgren of multiple offenses relating to a conspiracy to distribute illegal

drugs. *See* 21 U.S.C. §§ 841(a)(1), 846. Both defendants appeal. Having considered these consolidated appeals, we affirm.

As part of a federal drug investigation, a Minneapolis, Minnesota, nightclub was targeted for court-authorized audio and video surveillance during late 1983. Based on this surveillance, Blake and Lundgren were identified as participants in a drug distribution network controlled by the nightclub's owner, Curtis Anderson. Blake, who was a bouncer at the nightclub, served as Anderson's collection agent and enforcer. He prepared, packaged, and distributed drugs for Anderson. Lundgren bought drugs from Anderson. In addition, Lundgren burglarized pharmacies to provide drugs for Anderson to sell, and he consulted with Anderson on identifying and pricing drugs for resale.

On appeal Blake and Lundgren raise parallel issues. They each contend: (1) the evidence was insufficient to support their convictions; (2) the district court committed error in admitting the contents of the surveillance recordings and any evidence derived from the recordings because the surveillance was conducted in violation of the federal wiretap statute, 18 U.S.C. § 2518; and (3) the district court committed error in admitting certain other crimes evidence. We reject each of these contentions.

First, we have examined the record evidence with regard to each defendant in light of the standards applicable to review of a jury conviction. *See United States v. O'Connell*, 841 F.2d 1408, 1424 (8th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 2857, 101 L.Ed.2d 893 (1988). Without repeating fact-specific details here, we conclude there is ample evidence of the defendants' connections with the conspiracy and of their involvement in each of the substantive offenses for which the jury convicted them.

Second, Blake and Lundgren claim numerous violations of 18 U.S.C. § 2518 justified exclusion of evidence obtained through the surveillance. The magistrate thoroughly considered each of these claimed violations in the context of the defendants' pretrial motion to suppress and recommended the defendants' motion be denied. The district court adopted the magistrate's recommendation and denied the motion. After reviewing the record, we conclude the district court did not commit error in denying the motion to suppress and in admitting the evidence.

■ Finally, Blake and Lundgren challenge certain other crimes evidence admitted by the district court. *See* Fed.R.Evid. 404(b). We review admission of this evidence for abuse of discretion. *O'Connell,* 841 F.2d at 1422.

In Blake's case, the district court admitted evidence obtained through the nightclub surveillance of a conversation during which Blake discussed weapons (including hand grenades) and his willingness to harm another member of the drug operation suspected of being a government informant. We conclude this evidence was relevant to show Blake's role in the ongoing conspiracy. *See United States v. Baker,* 855 F.2d 1353, 1358 (8th Cir.1988); *O'Connell,* 841 F.2d at 1422–23. Thus, the district court did not abuse its discretion in admitting the evidence.

■ With regard to Lundgren, the district court admitted evidence of Lundgren's conviction for burglarizing a pharmacy approximately one and one-half years after the charged conspiracy ended. The government contends this evidence showed a consistent method of operation by Lundgren (burglarizing pharmacies to supply the drug operation). The propriety of admitting this postconspiracy other crimes evidence against Lundgren is doubtful here. Nevertheless, the district court instructed the jury on the limited purposes for which it could consider evidence of illegal acts not charged in the indictment. In addition, the other evidence against Lundgren is strong. Thus, we conclude any error in admitting evidence of Lundgren's burglary conviction was harmless in the circumstances of this case. *See Baker,* 855 F.2d at 1357–58.

We have carefully considered the record, briefs, and arguments of the parties, and we find each of Blake's and Lundgren's contentions to be without merit. Accord-

ingly, we uphold the convictions in each case.