**UNITED STATES of America, Appellee,**

v.

**Curtis Everett ANDERSON, Appellant.**

**No. 90–5282MN.**

United States Court of Appeals,
Eighth Circuit.

Submitted March 12, 1991.

Decided May 7, 1991.

Rehearing and Rehearing En Banc Denied Aug. 7, 1991.

Charles L. Hawkins, Minneapolis, Minn., for appellant.

Richard E. Vosepka, Minneapolis, Minn., for appellee.

Before WOLLMAN and BEAM, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Curtis Everett Anderson ("Anderson") appeals his conviction for possession with intent to distribute cocaine, alleging that the district court[1] erroneously refused to suppress evidence seized pursuant to a search warrant. We affirm.

## I. BACKGROUND

Anderson owned a bar in downtown Minneapolis which, in late 1983, was the target of an extensive federal drug investigation. As part of that investigation, and pursuant to prior court authorization, the bar was the subject of electronic (video and audio) surveillance which began in October 1983 and ended in December of that year.[2]

In March 1984, federal agents sought and obtained a search warrant authorizing a search of Anderson's home. The supporting affidavit did not mention the results, or even the existence, of the electronic surveillance. Instead, the affidavit contained information supplied by a variety of informants, all of which bore, to varying degrees, upon Anderson's involvement in drugs. Paragraph one described information supplied to officers of the Minneapolis Police Department in 1978 indicating that Anderson was a source for cocaine. Paragraph two described the results of a search of the garbage outside Anderson's home in 1981; this search uncovered small amounts of cocaine, packaging material for cocaine, and price lists for cocaine. Paragraph three described the results of a search of Anderson's home in 1981; during this search, the police found trace quantities of cocaine, cocaine paraphernalia, and substances used to "cut" the purity of cocaine.

Paragraphs four through six described information supplied by "Source" One, Two and Three, respectively. None of these sources were identified by name, though each paragraph contained information indicating that the sources had consistently supplied accurate information to law enforcement officers. These three sources each supplied information about Anderson's involvement in, or Anderson's discussions of his involvement in, drug-related activities. The activities and conversations described in these paragraphs all took place in Anderson's bar between 1979 and 1982, and none of the information in these paragraphs suggested that drugs were present in Anderson's home.

Paragraph seven described the seizure of cocaine from Anderson's bar in 1980. Paragraph eight described information supplied by Source Four, who also historically supplied accurate information to law enforcement officials. Specifically, the affidavit indicated that based on "frequent direct contact with Curtis Anderson during the past week and based on contact within the past 72 hours [Source Four] knows that

---

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

2. The legality of the video and audio surveillance of the bar was upheld by this court in *United States v. Blake,* 862 F.2d 171 (8th Cir. 1988).

a large quantity of cocaine, approximately one pound, is now present in Curtis Anderson's residence at 3456 Abbott Avenue North, Robbinsdale, Minnesota." Appellant's Appendix at 10.

Based on this affidavit, a magistrate judge issued a search warrant. Pursuant to the warrant, law enforcement officers found and seized approximately four pounds of cocaine, numerous guns, scales, and other drug-related paraphernalia from Anderson's home.

A grand jury indicted Anderson and several other individuals on a variety of drug-related counts. After a trial, a jury found Anderson guilty of one count of conspiracy to distribute drugs, two counts of possession with intent to distribute, one count of distributing illegal drugs, and two counts of using the telephone to facilitate the distribution of drugs. The evidence seized from Anderson's home was used to prove only one of the two possession counts, and it is this conviction that Anderson now appeals based on the alleged deficiency of the warrant.

## II. DISCUSSION

Anderson challenges the warrant by contending that the information contained in the supporting affidavit was stale and failed to demonstrate the necessary nexus between illicit activity and Anderson's house. He also contends that the affidavit was misleading because it omitted information relevant to the events described therein. We reject both contentions.

### A. Staleness and Nexus

■ It is true that, taken in isolation, certain paragraphs from the affidavit discuss events distant in time from the application for the warrant. Similarly, some of the paragraphs described events that took place in Anderson's bar, not his home. However, the magistrate judge does not make a determination of probable cause by examining the affidavit's paragraphs individually; instead, the magistrate judge is "to make a practical, common-sense decision whether, given *all* the circumstances set forth in the affidavit before him ...

there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983) (emphasis added). Consequently, the affidavit cannot be attacked paragraph by paragraph; it must be evaluated as a whole.

■ Furthermore, it is important to note that a warrant was actually issued. Consequently, in reviewing the affidavit we do not examine it to see whether the magistrate judge was presented with probable cause; instead, we "need only ensure that the issuing official had a substantial basis to conclude that probable cause existed." *United States v. Martin*, 866 F.2d 972, 976 (8th Cir.1989) (citing *Gates*, 462 U.S. at 238–39, 103 S.Ct. at 2332).

■ Given that the affidavit must be examined as a whole, and given our deferential standard of review, we conclude that the magistrate judge had a substantial basis for determining that probable cause existed. The affidavit demonstrated Anderson's involvement in drug activity spanning a period of several years. It demonstrated that trace amounts of drugs and drug paraphernalia had been found in Anderson's home on a prior occasion, and one confidential source indicated that he knew that a large quantity of drugs had been delivered to Anderson's home within the preceding seventy-two hours. Taken as a whole, this affidavit presented the magistrate judge with a substantial basis for believing that criminal activity was probably taking place in Anderson's home.

■ Anderson also contends that the critical information supplied by Source Four is insufficient; though Source Four claimed to "know" that cocaine had been delivered to Anderson's home, the affidavit failed to set forth Source Four's basis for possessing this knowledge.

■ Source Four did supply the only information that indicated drugs were currently located in Anderson's home. We would go so far as to say that without Source Four's information, the affidavit would not have supplied the magistrate

with a substantial basis to believe that probable cause existed. However, Anderson places too high a value on the need for Source Four's basis of knowledge. In *Gates*, the Supreme Court decided that an informant's basis of knowledge was an important consideration, but not a rigid requirement, in the probable cause determination. *Gates*, 462 U.S. at 230, 103 S.Ct. at 2328. More to the point insofar as this case is concerned, the Court explained that if a given informant "is known for the unusual reliability of his predictions of certain types of criminal activities in a locality, his failure, in a particular case, to thoroughly set forth the basis of his knowledge surely should not serve as an absolute bar to a finding of probable cause based on his tip." *Id.* at 233, 103 S.Ct. at 2329–30.[3] The federal agent who filed the affidavit supplied sufficient information to establish Source Four as an informant supplying this requisite past record of reliability; consequently, the affidavit's failure to set forth Source four's basis of knowledge is not a fatal flaw.[4]

### B. Misleading Omissions

■ Anderson contends that *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) required suppression of the evidence because the affidavit was misleading. The misleading nature of the affidavit allegedly arises from its failure to indicate the existence or results of the electronic surveillance of Anderson's bar and its failure to report that none of the events described in the affidavit resulted in Anderson's arrest.

In *Franks* the Court held that a defendant is entitled to a hearing if he alleges (with specificity) that the affiant engaged in perjury or reckless disregard for the truth and, when the information so supplied is removed from the affidavit, probable cause to issue the warrant did not exist. If the defendant can prove his allegations at this hearing, then the evidence obtained pursuant to the warrant must be suppressed. *Id.* at 171–72, 98 S.Ct. at 2684–85. In the case at bar Anderson complains not of the inclusion of falsehoods, but of the omission of important facts. Nonetheless, the omitted information still must have a bearing on the probable cause determination before a *Franks* hearing is required. *See Martin*, 866 F.2d at 979. The probability that drugs were in Anderson's home would not have been decreased had the results of the surveillance been disclosed to the magistrate judge. Even if the taped information contained absolutely no references to drugs in Anderson's home, this would not have served to diminish the quantum of proof contained in the affidavit. Similarly, the fact that Anderson had not been previously convicted does not deny the positive facts tending to demonstrate the existence of drugs in his home on this particular occasion. Consequently, because the omitted information would not have detracted from the existence of probable cause, *Franks* is not implicated and the evidence was properly admitted.

**3.** Anderson contends that the Supreme Court's decisions in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), though whittled by subsequent decisions, still require that an informant supply both reliability *and* a basis for knowledge. We disagree. The portions of *Gates* to which we have cited demonstrate that a balancing of these two concepts is required, with such balancing to be performed on a case-by-case basis. In fact, in discussing the two-pronged approach of *Aguilar* and *Spinelli*, the *Gates* Court specifically stated that "[t]here are persuasive arguments against according these two elements such independent status. Instead, they are better understood as relevant considerations in the totality-of-the-circumstances analysis that traditionally has guided probable-cause determinations: a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." *Gates*, 462 U.S. at 233, 103 S.Ct. at 2329.

**4.** Our decision in *United States v. Thompson*, 751 F.2d 300 (8th Cir.1985) (per curiam) does not mandate a different result. In *Thompson*, we said that "[f]irst-hand observations of criminal activity by a reliable informant in conjunction with police corroboration of factual details provides [the requisite] probability." *Id.* at 302. This passage, however, does not mean that there is only one way probable cause can be established; indeed, to read *Thompson* in such a way is contrary to the teaching of *Gates*.

## III. CONCLUSION

The magistrate judge had a substantial basis for determining that probable cause existed to believe that Anderson had illegal drugs in his house. This determination would not have been affected by the supporting affidavit's inclusion of the results of the electronic surveillance of Anderson's bar or the fact that Anderson's prior acts had not resulted in any convictions. Consequently, both the district court's denial of Anderson's motion to suppress and Anderson's conviction are affirmed.