United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 97-3681

United States of America,          *
                                   *
          Appellee,                *
                                   *    Appeal from the United States
     v.                            *    District Court for the
                                   *    Northern District of Iowa.
Mambu Fulgham,                     *
                                   *
          Appellant.               *

_____

Submitted: March 10, 1998
Filed:   April 30, 1998

_____

Before BOWMAN, FLOYD R. GIBSON,[1] and MORRIS SHEPPARD ARNOLD,
     Circuit Judges.

_____

BOWMAN, Circuit Judge.

     Mambu Fulgham entered a conditional plea of guilty to conspiring to distribute and possess with the intent to distribute more than fifty grams of cocaine base. See 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846. Prior to his plea, Fulgham moved to suppress evidence obtained in a search conducted pursuant to a search warrant. The

[1]This opinion is consistent with the views expressed by Judge Floyd R. Gibson at the panel's conference on March 10, 1998 following oral argument of the case. Judge Gibson has been disabled by illness from reviewing the opinion, which is being filed in the interest of avoiding undue delay.

magistrate judge to whom the motion had been referred recommended that the motion be denied. The District Court[2] adopted the magistrate judge's recommendation. Fulgham appeals, claiming that the search warrant was not supported by probable cause. We affirm.

I.

On January 2, 1996, police officer Richard Knief prepared and submitted an affidavit in support of a search warrant for the residence located at 200 Courtland Street in Waterloo, Iowa. In his affidavit, Knief indicated several bases to establish probable cause. Knief first stated that Courtland Street was one of three streets in an area where numerous drug arrests had been made within the past two years. He noted that concerned citizens had been calling on a daily basis reporting drugs sales in the Courtland Street area.

Knief also stated that in mid-December of 1995, he received information from a confidential informant that Tony, a black male originally from Chicago, was staying at 200 Courtland Street and, along with several other black males, was selling crack cocaine from the residence. In the affidavit, Knief said that he had spoken with this same informant on January 2, 1996, the same day Knief submitted the affidavit, and that the informant claimed to have been present at 200 Courtland Street within the past forty-eight hours and to have seen Tony selling crack cocaine from the residence. In an attachment to the affidavit, Knief indicated that he had known this confidential informant for one year, and that the informant was a mature individual, was a person of truthful reputation, had no motivation to falsify information, had not given false information in the past, had supplied information in the past more than ten times, and

---

[2]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

had helped supply information leading to two search warrants, five arrests, and the discovery and seizure of stolen property and drugs or other contraband.

Knief further stated that the information given by the informant had been corroborated. According to the affidavit, Knief had corroborated the information in two ways. First, Knief reviewed the records of the Waterloo Police Department and indicated in the affidavit that in August of 1995, the department received a complaint of an assault at 200 Courtland Street. The suspect implicated in the assault was Jerome Antonio Kirk, a black male from Chicago, and Kirk listed his address as 200 Courtland Street. Second, Knief stated that he spoke with a second confidential informant on January 1, 1996, and that the informant claimed to have been present at 200 Courtland Street numerous times over the past month, including within the twenty-four hours immediately preceding his conversation with Knief, and claimed to have witnessed a black man named Tony selling crack cocaine from the residence.

II.

We must determine whether, under the "totality-of-the-circumstances analysis" set forth in Illinois v. Gates, 462 U.S. 213, 238 (1983), the issuing magistrate had a "substantial basis" for concluding that there was probable cause. When we review the sufficiency of an affidavit supporting a search warrant, great deference is accorded the issuing judicial officer. See United States v. Day, 949 F.2d 973, 977 (8th Cir. 1991).

When an affidavit contains information provided by a confidential informant, a key issue is whether that information is reliable. See United States v. Brown, 49 F.3d 1346, 1349 (8th Cir. 1995). "Information may be sufficiently reliable to support a probable cause finding if the person providing the information has a track record of supplying reliable information, or if it is corroborated by independent evidence." United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993) (citing Draper v. United States, 358 U.S. 307, 313 (1959)). In the present case, the information was shown by

Knief to be reliable in both ways. Knief represented in his affidavit that past information given by the first informant had proved to be reliable, resulting in several arrests and the recovery of stolen property and illegal substances. In so doing, Knief established that the first informant had a reliable track record.

Fulgham[3] argues that the information given by the first informant was not corroborated and therefore could not provide the basis upon which probable cause could be established. We conclude, however, that the information given by the first informant was corroborated with specific, consistent details provided by the second informant. In fact, the two informants' tips were reciprocally corroborative, rendering their information enough to support a finding of probable cause. See United States v. Jackson, 67 F.3d 1359, 1365 (8th Cir. 1995) (holding that information from an informant without a track record could be corroborated with information by an informant with a reliable track record, thereby establishing probable cause), cert. denied, 116 U.S. 1684 (1996). Further, the five-month-old police report described in the affidavit appeared to corroborate the informants' claims that a man named Tony (presumably short for Antonio), originally from Chicago, resided at 200 Courtland Street.[4] We agree with the District Court that the facts provided in Knief's affidavit sufficiently established that the information given by the confidential informants was reliable, and that the affidavit provided a substantial basis upon which the issuing magistrate could conclude that probable cause existed.

Even if probable cause were lacking, we find that the good faith exception to the warrant requirement would apply. See United States v. Leon, 468 U.S. 897, 923

---

[3]Fulgham is also known as Tony and, like Jerome Antonio Kirk, is a black man originally from Chicago.

[4]Even though Jerome Antonio Kirk was apparently not residing at the house at the time of the search, we examine only those facts known at the time of the warrant application. See United States v. Williams, 917 F.2d 1088, 1090 (8th Cir. 1990).

(1984) (establishing the good faith exception). Under the good faith exception, where probable cause is found lacking suppression will not be required if: "(1) the executing officers relied in good faith on a search warrant signed by a neutral and detached magistrate, and (2) the officers' reliance on the warrant was objectively reasonable." Jackson, 67 F.3d at 1365 (citing Leon, 468 U.S. at 922-23). Therefore, absent allegations that the magistrate was not neutral, "suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." Leon, 468 U.S. at 926.

Fulgham argues that Knief's statements were made in reckless disregard for the truth because Knief relied on the August 1995 police report for corroboration. In his brief, however, Fulgham claims that the police report was more than two-and-a-half years old when, in fact, at the time of the warrant application the police report was just five months old.[5] We hold that Knief's use of the police report to corroborate the informants' tips was not in reckless disregard for the truth.

Fulgham finally argues that the affidavit contained so few indicia of probable cause as to render Knief's reliance on the warrant unreasonable. We find this argument to be without merit. Knief's reliance on the warrant was not unreasonable.

## III.

Under the totality-of-the-circumstances analysis, we hold that the magistrate who issued the search warrant had a substantial basis upon which to determine probable cause existed. Further, we hold that the Leon good-faith exception would apply in any event. We therefore affirm the District Court's order denying Fulgham's motion to suppress.

---

[5]In oral argument, Fulgham's counsel conceded this error.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.