# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1139

_____

United States of America,          *

                              *

        Appellee,         *

                              *   Appeal from the United States

      v.                 *   District Court for the District

                              *   of Nebraska.

Tavares M. Johnson, also known as  *

Terry Johnson,             *

                              *

        Appellant.       *

_____

Submitted:  May 9, 2000

Filed:  July 24, 2000

_____

Before McMILLIAN, JOHN R. GIBSON, and BEAM, Circuit Judges.

_____

BEAM, Circuit Judge.

The Omaha, Nebraska, police were called to Tavares Johnson's residence to investigate a shooting.  Upon arriving at the residence, officers found multiple gunshot victims, including Johnson, who is a paraplegic.  Officers were told by a survivor of the shooting that gunmen had forced their way into the residence to "jack us"[1] for money.  In the residence, officers observed two large rocks of a suspected controlled substance

_____

[1]"Jack" is a slang term for a violent holdup or mugging.  See 2 Random House Historical Dictionary of American Slang 235 (1997).

lying on a bed next to Johnson and a large caliber pistol lying on the floor. While the officers investigated the shooting, they obtained additional information from a confidential informant who said a paraplegic sold crack cocaine out of the residence.

An officer compiled this information in an affidavit used to obtain a search warrant for Johnson's residence. During the search, officers found more guns, a small amount of marijuana, and 141 grams of crack cocaine. The discovery of this contraband led to Johnson's arrest and indictment for several crimes, including possession with intent to distribute crack cocaine. See 21 U.S.C. § 841(a)(1). Prior to trial, the district court[2] denied a motion by Johnson to suppress the evidence obtained in the search, rejecting his argument that the warrant affidavit did not establish probable cause. Johnson then entered a conditional plea of guilty to the possession with intent to distribute charge, reserving the right to appeal the denial of his motion to suppress. See Fed. R. Crim. P. 11(a)(2). We now consider Johnson's appeal and, after according proper deference to the district court and the court that issued the warrant, we affirm. See United States v. Fulgham, 143 F.3d 399, 401 (8th Cir. 1998) (standard of review).

Johnson argues the warrant was not supported by probable cause because the warrant affidavit did not contain sufficient evidence to demonstrate the reliability of the confidential informant. See id. (discussing need for independent evidence to corroborate confidential informant). But, we need not address whether the warrant affidavit sufficiently demonstrates the informant's reliability, because even without the informant's tip, the judge that issued the warrant had a substantial basis for concluding probable cause existed. See id. at 400 (evidence admissible if totality of circumstances provided judge issuing warrant with substantial basis to support probable cause

---

[2]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska, adopting the Report and Recommendation of The Honorable Kathleen A. Jaudzemis, United States Magistrate Judge for the District of Nebraska.

finding). "Probable cause means a fair probability that contraband or evidence of a crime will be found in a particular place given the circumstances set forth in the affidavit." See United States v. Tellez, No. 99-3335, 2000 WL 873072 at *2 (8th Cir. July 3, 2000) (quoting United States v. Horn, 187 F.3d 781 (8th Cir. 1999) (internal quotation marks omitted)). With the police observation of drugs and a gun inside the residence, and information about the "jacking" for money, it was completely within the realm of fair probability that evidence of drug crimes would be found in the residence. See, e.g., United States v. Patterson, 140 F.3d 767, 773 (8th Cir. 1998) (presence of large amounts of cash and gun contributes to finding of probable cause). And, even if we thought the warrant affidavit did not establish probable cause, the good faith exception to the warrant requirement would apply because the affidavit was sufficient to allow an officer to reasonably believe probable cause existed. See United States v. Leon, 468 U.S. 897, 923 (1984).

The district court judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.