Frank L. LAMAGNA, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 58A05–0202–CR–74.

Court of Appeals of Indiana.

Oct. 18, 2002.

E. Thomas Kemp, Richmond, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATTINGLY–MAY, Judge.

Frank Lamagna appeals his convictions after a jury trial of possession of cocaine, a Class D felony;[1] conspiracy to possess cocaine, a Class C felony;[2] dealing in cocaine, a Class A felony;[3] maintaining a common nuisance, a Class D felony;[4] and reckless possession of paraphernalia, a Class A misdemeanor.[5] He raises five issues on appeal, which we consolidate and restate as:

1.) whether the police had probable cause to arrest Lamagna after viewing a videotape that showed him passing to a companion a bag that appeared to contain cocaine;

2.) whether Lamagna was subjected to double jeopardy when he was convicted of both dealing in cocaine and conspiracy to possess cocaine; and

3.) whether Lamagna was prejudiced by the admission into evidence of an uncerti-

fied record indicating he owned a car where cocaine was found.

We affirm in part and reverse in part.

## FACTS AND PROCEDURAL HISTORY

Lamagna and Joseph Bocko were playing blackjack at a casino in Rising Sun. The dealer working at their table saw Lamagna pass to Bocko a plastic bag containing white powder. The dealer reported the incident to her supervisor, and three state police troopers assigned to the casino were called to view the surveillance video of the incident. The tape showed Lamagna reach into his pocket, remove a plastic bag that contained a white powder, and pass it under the table to Bocko. The troopers went to the table and asked Bocko to come to their office. As Bocko gathered his belongings, he threw three bags on the floor.

Bocko and Lamagna were arrested and the bags recovered. One bag contained cocaine, the other heroin, and the third marijuana. When Lamaga was searched, police found two syringes, a pipe containing a cocaine base, an aspirin bottle, a razor blade, and a cigarette pack that contained a small plastic bag with heroin in it. Lamagna consented to a search of his vehicle, where the police found additional syringes, a razor blade, a spoon, some cocaine, and part of a steel wool pad.

## DISCUSSION AND DECISION

1. *The Arrest*

 The police had probable cause to arrest Lamagna. A police officer may arrest a suspect without a warrant if the

---

1. Ind.Code § 35–48–4–6(a).

2. Ind.Code §§ 35–41–5–2, 35–48–4–6.

3. Ind.Code § 35–48–4–1(a)(1).

4. Ind.Code § 35–48–4–13(b).

5. Ind.Code § 35–48–4–8.3(a).

officer has probable cause to believe the suspect has committed a felony. *Sears v. State*, 668 N.E.2d 662, 666–67 (Ind.1996). Probable cause for an arrest exists when the facts and circumstances known to the officer would warrant a reasonably prudent person to believe that the arrestee has committed the criminal act in question. *Jellison v. State*, 656 N.E.2d 532, 534 (Ind. Ct.App.1995). The level of proof necessary to establish probable cause is less than that necessary to establish guilt beyond a reasonable doubt. *Id.* Probable cause requires only a fair probability[6] of criminal activity, not a *prima facie* showing, and may be established by evidence that would not be admissible at trial. *Id.*

■ Three police officers testified that they viewed a surveillance videotape that showed Lamagna passing to Bocko a bag that contained what appeared to be cocaine. After confronting Bocko, two of the officers saw Bocko throw three bags to the floor. One of the bags appeared to be the same bag Lamagna passed to Bocko. There was probable cause to arrest Lamagna.[7]

### 2. Double Jeopardy

Lamagna asserts he was subjected to double jeopardy[8] when he was convicted of both dealing in cocaine and conspiracy to possess cocaine. Article I, Section 14 of the Indiana Constitution provides in part: "No person shall be put in jeopardy twice for the same offense." Two offenses are the "same offense" in violation of Indiana's double jeopardy clause if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged of-

---

**6.** Lamagna asserts that in order for there to have been sufficient probable cause to justify his arrest, the illegal nature of the item observed must have been "immediately apparent" to the officer. He offers as authority decisions involving seizure of contraband pursuant to the "plain feel" and "plain view" exceptions to the warrant requirement, *e.g. Jackson v. State*, 669 N.E.2d 744 (Ind.Ct.App. 1996) ("plain feel") and *Edwards v. State*, 762 N.E.2d 128 (Ind.Ct.App.2002) ("plain view"). In *Edwards*, we noted on rehearing that that case was more appropriately analyzed under the "open view" doctrine. *Edwards v. State*, 768 N.E.2d 506, 507 n. 1 (Ind.Ct.App.2002). We decline Lamagna's invitation to apply to all arrests the "immediately apparent" standard we have applied in the special circumstances involving the seizure of contraband seen in "plain view" or detected by "plain feel" in a pat-down search.

**7.** Because the police had probable cause, we need not address Lamagna's arguments that the items seized from him after the arrest should be suppressed as fruits of the illegal arrest or that Lamagna's consent to the search of his car was invalid because it was tainted by the illegal arrest.

**8.** Because we find Lamagna was subjected to double jeopardy and therefore vacate his conviction of conspiracy to possess cocaine, we do not address Lamagna's alternative argument that there was insufficient evidence to support the conspiracy conviction.

In addition to its double jeopardy argument, the State urges us to find Lamagna's convictions valid under the common-law rule that a conspiracy conviction cannot stand if the overt act in furtherance of the conspiracy is the same as the crime that is the object of the agreement. *See, e.g., Richardson v. State*, 717 N.E.2d 32, 57–58 (1999) (Boehm, J., concurring). Because the overt act here was not the object of the conspiracy agreement, the State appears to argue, Lamagna's convictions were proper. We note that this common-law rule provides protection "separate and *in addition to* the protections afforded by the Indiana Double Jeopardy Clause." *Spivey v. State*, 761 N.E.2d 831, 834, (Ind.2002) (emphasis supplied). We therefore decline the State's invitation to use this separate and additional protection as a basis for upholding a conviction that violates the double jeopardy protections.

fense. *Spivey v. State,* 761 N.E.2d 831, 832 (Ind.2002).

■■■ We agree that Lamagna was subjected to double jeopardy under the actual evidence test.[9] To show that two challenged offenses constitute the same offense under that test, a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the factfinder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense. *Id.* Application of the actual evidence test requires us to identify the essential elements of each challenged crime and to evaluate the evidence from the jury's perspective, considering where relevant the jury instructions, argument of counsel, and other factors that may have guided the jury's determination. *Id.* Indiana's double jeopardy clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense. *Id.* at 833.

■■■ Lamagna was subjected to double jeopardy because there is a reasonable possibility that the evidentiary facts used by the jury to establish Lamagna was dealing in cocaine were also used to establish that Lamagna conspired to possess cocaine. It is apparent from the record that the evidence relied on by the jury to find Lamagna guilty of dealing in cocaine was the evidence that Lamagna delivered to Bocko a bag containing a white powder that was determined to be over three grams of cocaine.

■■■ To convict Lamagna of conspiracy to possess cocaine, the State was obliged to prove he and Bocko agreed to possess cocaine and that either he or Bocko performed an overt act in furtherance of the conspiracy. Ind.Code § 35–41–5–2. The "overt act" charged by the State was Lamagna's possession of cocaine.[10]

The State asserts:

> it is a reasonable possibility that the conspiracy conviction rested on evidence quite different than the dealing conviction.[11] Evidence of the conspiracy included Bocko's statement that he was at the casino with Defendant and Defendant's possession of the cocaine in his pocket prior to passing the drug to Bocko. Both of these facts give rise to an inference that an agreement existed between Defendant and Bocko to possess Defendant's cocaine[.]

(Br. of Appellee at 13) (footnote supplied). Lamagna's possession and Bocko's admission that he was accompanying Lamagna, the State asserts, "support the conspiracy conviction and are separate and distinct facts than [sic] those relied upon to conviction [sic] Defendant of dealing." *Id.* at 14.

9. Because we so find, we need not address in the alternative the "rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in *Richardson.*" *Guyton v. State,* 771 N.E.2d 1141, 1143 (Ind.2002), *quoting Pierce v. State,* 761 N.E.2d 826, 830 (Ind.2002).

10. Dealing in cocaine is the same offense for double jeopardy purposes as possession of cocaine, as it is impossible to commit the dealing offense without committing the possession offense. *Davenport v. State,* 734 N.E.2d 622, 624 (Ind.Ct.App.2000), *trans. denied* 753 N.E.2d 1 (Ind.2001).

11. In that part of its brief where the State argues the evidence was sufficient to support the conspiracy conviction, the State relies on exactly the same evidence that supported the dealing conviction, *i.e.,* that Lamagna "was at the casino with Bocko, that he pulled cocaine from his pocket; that he passed it to Bocko in a furtive manner and that Bocko later discarded the cocaine when confronted by police." (Br. of Appellee at 17.)

We decline to adopt the State's apparent position that if one individual is in possession of contraband, his mere presence with another individual in the same place at the same time gives rise to an inference they have agreed to engage in a criminal conspiracy. We note that in its closing argument at trial, the State explicitly relied on the same facts that supported the dealing charge to demonstrate the "agreement" element of the conspiracy charge: "[Y]ou can see Mr. Bocko kind of raising his finger like this toward Mr. Lamagna. Then they pass off the cocaine in a concealed motion." (Tr. at 675.) There was a reasonable possibility that the evidentiary facts used by the jury to establish the essential elements of the dealing offense may also have been used to establish the essential elements of the conspiracy offense, and we must therefore vacate Lamagna's conviction of conspiracy to possess cocaine.

### 3. *The Uncertified Record*

As part of the State's effort to connect Lamagna to the car police searched after Lamagna's arrest and in which they found cocaine, the State offered into evidence a computer printout that purported to show that the car was registered to Lamagna. The police obtained the printout after they ran a license plate check of the car. The trial court admitted the printout into evidence over Lamagna's objection.

Lamagna asserts on appeal that the record was improperly admitted because the document was uncertified and the keeper of the record was not present to testify as to its creation. The State offers no argument that the uncertified document was properly admitted into evidence. Because we find Lamagna was not prejudiced by the admission of the document, we need not address whether its admission was error.

Uncertified records of this nature are hearsay and generally not admissible in evidence. *See Coates v. State*, 650 N.E.2d 58, 63 (Ind.Ct.App.1995), *trans. denied* (Bureau of Motor Vehicles records treated as public records admissible under Evid. R. 803(8) when properly certified). However, errors in the admission of evidence, including hearsay, are to be disregarded as harmless unless they affect the substantial rights of a party. *Montgomery v. State*, 694 N.E.2d 1137, 1140 (Ind.1998). In determining whether an evidentiary ruling has affected an appellant's substantial rights, we assess the probable impact of the evidence on the jury. *Id.* Admission of hearsay is not grounds for reversal where it is merely cumulative of other evidence admitted. *Id.*

Lamagna asserts he was prejudiced by the admission of the record because it established his ownership of a vehicle that contained contraband. He was not, as the hearsay evidence was merely cumulative of other evidence that he had control of the vehicle sufficient to allow him to consent to its search. Prior to the admission of the document into evidence, a police officer testified without objection that he had conducted a title check on the car that indicated the car was titled to Lamagna. The officer also testified that Lamagna had arrived at trial in the same vehicle the officer searched on the day Lamagna was arrested. We cannot say Lamagna was prejudiced by the admission into evidence of a document purporting to show the vehicle was titled to him.

### CONCLUSION

We vacate on double jeopardy grounds Lamagna's conviction of conspiracy to possess cocaine, but find the police had probable cause to arrest Lamagna and that Lamagna was not prejudiced by the admis-

sion into evidence of an uncertified record indicating he owned the car police searched. We accordingly affirm Lamagna's remaining convictions.

ROBB, J., and RILEY, J., concur.