# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 12 2016, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Patrick J. Smith
Bedford, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Plaintiff,*

v.

Christopher J. Basinger,

*Appellee-Defendant*

October 12, 2016

Court of Appeals Case No.
59A05-1601-CR-195

Appeal from the Orange Circuit Court

The Honorable Larry R. Blanton, Judge

Trial Court Cause No.
59C01-1503-F5-236

**Crone, Judge.**

# Case Summary

[1] Pursuant to a warrant, police officers searched Christopher J. Basinger's home and seized several firearms and white powder that field-tested positive for methamphetamine. The State charged him with level 5 felony possession of methamphetamine. Basinger filed a motion to suppress the evidence seized during the search, arguing that the warrant was invalid because the underlying affidavit lacked sufficient indicia of probable cause. The trial court granted the motion.

[2] The State dismissed the charge against Basinger and filed this appeal, arguing that the affidavit contained sufficient indicia of probable cause or, in the alternative, that the good-faith exception to the exclusionary rule applies. We disagree on both counts and therefore affirm.

# Facts and Procedural History

[3] On March 25, 2015, Indiana State Police Detective Shane Staggs submitted an affidavit for a warrant to search Basinger's home for evidence of methamphetamine possession. The judge who reviewed the affidavit found probable cause to issue a search warrant, which Detective Staggs and the local sheriff executed within the hour. Basinger was not at home when the officers arrived. The officers searched his home and seized several firearms, "used foil boats" with "burn residue," a white powder that field-tested positive for methamphetamine, and a digital scale with white residue that field-tested positive for methamphetamine, among other things. Appellant's App. at 66.

The State charged Basinger with level 5 felony possession of methamphetamine.[1]

[4] Basinger filed a motion to suppress, arguing that the warrant was invalid because the affidavit lacked sufficient indicia of probable cause. After a hearing, the trial court granted the motion. The State dismissed the charge against Basinger and filed this appeal. Additional facts will be provided below.

## Discussion and Decision

### Section 1 – The search warrant affidavit lacked sufficient indicia of probable cause, and therefore the warrant was invalid under the Fourth Amendment.

[5] The State contends that the trial court erred in granting Basinger's motion to suppress. "We review a trial court's decision to grant a motion to suppress as a matter of sufficiency." *State v. McCaa*, 963 N.E.2d 24, 29 (Ind. Ct. App. 2012), *trans. denied*. We will neither reweigh evidence nor judge witness credibility. *Id*. The State appeals from a negative judgment and must show that the trial court's ruling was contrary to law. *Id*. We "will reverse a negative judgment only when the evidence is without conflict and all reasonable inferences lead to a conclusion opposite that of the trial court." *Id*.

---

[1] *See* Ind. Code §§ 35-48-4-6.1(b)(2), 35-48-1-16.5(2) (possession of less than five grams of methamphetamine is level 5 felony if person commits offense while in possession of firearm).

[6]     To generally deter law enforcement officers from violating citizens' Fourth Amendment rights, the U.S. Supreme Court has created the exclusionary rule, which prohibits the admission of evidence seized in violation of the Fourth Amendment to the U.S. Constitution. *Reinhart v. State*, 930 N.E.2d 42, 48 (Ind. Ct. App. 2010). The Fourth Amendment states,

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

The warrant requirement is a principal protection against unnecessary intrusions into private dwellings. *State v. Straub*, 749 N.E.2d 593, 597 (Ind. Ct. App. 2001).

[7]     The State challenges the trial court's determination that the search warrant affidavit here lacked sufficient indicia of probable cause. "Probable cause is a fluid concept incapable of precise definition and must be decided based on the facts of each case." *Bradley v. State*, 4 N.E.3d 831, 840 (Ind. Ct. App. 2014), *trans. denied*. "The level of proof necessary to establish probable cause is less than that necessary to establish guilt beyond a reasonable doubt." *Jellison v. State*, 656 N.E.2d 532, 534 (Ind. Ct. App. 1995). In fact, probable cause requires only a fair probability of criminal activity, not a prima facie showing. *Id*.

[8]     Our supreme court has stated,

> In deciding whether to issue a search warrant, "[t]he task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit … there is a fair probability that contraband or evidence of a crime will be found in a particular place."

*Jaggers v. State*, 687 N.E.2d 180, 181 (Ind. 1997) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). "The duty of the reviewing court is to determine whether the magistrate had a 'substantial basis' for concluding that probable cause existed." *Id*. (citing *Gates*, 462 U.S. at 238-39). "'[S]ubstantial basis requires the reviewing court, with significant deference to the magistrate's determination, to focus on whether reasonable inferences drawn from the totality of the evidence support the determination' of probable cause." *Id*. at 181-82 (quoting *Houser v. State*, 678 N.E.2d 95, 99 (Ind. 1997)). "'Reviewing court' for these purposes includes both the trial court ruling on a motion to suppress and an appellate court reviewing that decision." *Id*. at 182. We review the trial court's substantial basis determination de novo. *State v. Spillers*, 847 N.E.2d 949, 953 (Ind. 2006). We consider only the evidence presented to the issuing magistrate – here, Detective Staggs's affidavit – and not additional justifications or facts presented after the search. *Cartwright v. State*, 26 N.E.3d 663, 668 (Ind. Ct. App. 2015), *trans. denied*; *see also Taylor v. State*, 615 N.E.2d 907, 910 (Ind. Ct. App. 1993) ("[T]here must be sufficient factual information on the face of the affidavit from which a neutral and detached magistrate or

judge could have reasonably concluded that probable cause existed for the issuance of a search warrant.").

[9]     Probable cause "may be established by evidence that would not be admissible at trial." *Lamagna v. State*, 776 N.E.2d 955, 958 (Ind. Ct. App. 2002). Such evidence may include hearsay, which is an out-of-court statement offered to prove the truth of the matter asserted. Ind. Evidence Rule 801(c). Hearsay is inadmissible unless the Evidence Rules or other law provides otherwise. Ind. Evidence Rule 802. Indiana Code Section 35-33-5-2(a) provides that a search warrant affidavit must particularly describe "the house or place to be searched and the things to be searched for," allege "substantially the offense in relation thereto and that the affiant believes and has good cause to believe that … the things sought are concealed there[,]" and set "forth the facts known to the affiant through personal knowledge or based on hearsay, constituting the probable cause." The statute further provides,

> When based on hearsay, the affidavit must either:
>
> (1) contain reliable information establishing the credibility of the source and of each of the declarants of the hearsay and establishing that there is a factual basis for the information furnished; or
>
> (2) contain information that establishes that the totality of the circumstances corroborates the hearsay.

Ind. Code § 35-33-5-2(b).

In *Spillers*, the court explained that

> [t]he trustworthiness of hearsay for the purpose of proving probable cause can be established in a number of ways, including where: (1) the informant has given correct information in the past, (2) independent police investigation corroborates the informant's statements, (3) some basis for the informant's knowledge is demonstrated, or (4) the informant predicts conduct or activity by the suspect that is not ordinarily easily predicted. These examples however are not exclusive. "Depending on the facts, other considerations may come into play in establishing the reliability of the informant or the hearsay."

847 N.E.2d at 954 (citing and quoting *Jaggers*, 687 N.E.2d at 182).

Detective Staggs's affidavit reads in relevant part as follows:

> Det. Shane Staggs, Indiana State Police, swears/affirms under the pains and penalties of perjury that he believes and has Probable Cause to believe that certain property and/or evidence of a crime hereinafter described is concealed upon the following described property, premises, vehicles, outbuilding(s) and residence, to-wit:
>
> The address of the residence is … [in] Paoli, Orange County, Indiana. It is the residence of Chris Basinger.
>
> That the affiant believes that there is Probable Cause to search the above described premises, for evidence of the commission of the crime of Possession of Methamphetamine, to-wit: Methamphetamine, materials and substances used to facilitate the use of methamphetamine[.]
>
> In support of your affiant's assertion of Probable Cause, the following facts are within your affiant's personal knowledge, to-wit:

On March 25, 2015, this affiant was contacted by Heather Basinger, who is the ex-wife of Chris Basinger. Heather Basinger stated that on Monday, March 23, 2015 she had been to the … residence of Chris Basinger to pick up personal belongings. While Heather Basinger was inside the house she located a long piece of burnt aluminum foil. As she was looking for books that belong to her she opened up a drawer located in a coffee table in the living room area. When Heather opened the drawer she saw several pieces of aluminum foil and a clear glass-like substance.

Heather Basinger stated that while the coffee table drawer was open Chris Basinger entered the room and stated "what the f[**]k are you doing?" Heather stated she then shut the drawer and walked into the bedroom to look for more of her personal items. Chris Basinger followed Heather into the bedroom and while Heather was looking for items in the closet area, Chris Basinger told her to leave the house. Heather stated it was obvious that Chris Basinger did not want her looking in his closet.

While in the bedroom Chris Basinger also stated to Heather that what she had just seen in the coffee table drawer could send him to prison for thirteen years. Heather then took her children and left the residence.

On March 25, 2015, this affiant interviewed Heather Basinger regarding the above information. During that interview Heather showed me a text message that was sent from Chris Basinger on March 17, 2015 that stated "that's the Chris and [H]eather I want us to be minus the drugs and alcohol." During the interview this affiant informed Heather that her name would be used as a witness in the investigation and she stated that was okay, she was just concerned about her children. This affiant has also received other information from officers reporting that Chris Basinger's name has come up in other investigations concerning methamphetamine.

This affiant has been a police officer for 8 years and has had

specific training in the detection of methamphetamine. In this affiant's training and experience aluminum foil is consistent with the use of methamphetamine.

Therefore, your affiant respectfully requests the Court to issue a SEARCH WARRANT directing the search of the property, premises, vehicles, outbuilding(s) and residence and the seizure of the above-described items if they are found.

I hereby swear or affirm under the pains and penalties of perjury that the foregoing is true.

Appellant's App. at 62-63.

[12] The primary basis for the affidavit is Heather's statements, which are hearsay (or, as to Basinger's statements, hearsay within hearsay). The affidavit does not contain reliable information that establishes Heather's credibility, nor does it contain information that establishes that the totality of the circumstances corroborates the hearsay. The State asserts that Heather's firsthand account "entitles the tip to 'greater weight than might otherwise be the case.'" Appellant's Br. at 12 (quoting *Jaggers*, 687 N.E.2d at 183 (quoting *Gates*, 462 U.S. at 234)). But Basinger correctly observes that "such alleged first-hand statements are 'easily' fabricated by informants to bolster their own credibility." Appellee's Br. at 20 (quoting *Newby v. State*, 701 N.E.2d 593, 601 (Ind. Ct. App. 1998) (citing *Jaggers*, 687 N.E.2d at 184)). The State also asserts that "Heather's account of what she had seen was corroborated by a text message she showed to Detective Staggs, which referenced Basinger's drug use." Appellant's Br. at 12. The message does not specify who used the drugs, let alone where or when

they were used. Finally, the State contends that Heather's statements were "corroborated by Staggs' knowledge that Basinger had been named in other methamphetamine investigations." *Id*. at 12. Detective Staggs's secondhand information regarding other investigations is itself uncorroborated and hopelessly vague. "Uncorroborated hearsay from a source whose credibility is itself unknown, standing alone, cannot support a finding of probable cause to issue a search warrant." *Buford v. State*, 40 N.E.3d 911, 913 (Ind. Ct. App. 2015). Accordingly, we conclude that the affidavit lacked sufficient indicia of probable cause and therefore the warrant was invalid under the Fourth Amendment.[2]

## Section 2 – The good-faith exception to the exclusionary rule is inapplicable.

[13] This determination is not dispositive, however, because exclusion of evidence seized pursuant to a search warrant is not required when the officer obtaining the warrant has acted in objective good faith and within the scope of the warrant. *Gerth v. State*, 51 N.E.3d 368, 375 (Ind. Ct. App. 2016) (citing *United States v. Leon*, 468 U.S. 897, 920 (1984)). In *Leon*, the court "cautioned that

---

[2] Given our resolution of this issue, we need not squarely address the fact that, contrary to the affidavit, Heather was married to Basinger when she contacted Detective Staggs on March 25. At the suppression hearing, Basinger presented evidence that Heather had filed a petition for dissolution on March 11 and requested custody of their two minor children. Defendant's Ex. D (petition). Basinger also presented evidence that, contrary to the affidavit, Heather did not see a long piece of burnt aluminum foil in his home. Defendant's Ex. C at 10-11 (deposition). Assuming for argument's sake that Heather was the bad actor in this scenario, her deceptions underscore the necessity of establishing a source's credibility and corroborating hearsay statements in search warrant affidavits.

certain police conduct would not qualify for this" good-faith exception, including where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in the validity of the warrant entirely unreasonable. *Jaggers*, 687 N.E.2d at 184. Officers are reasonably charged with knowing the basic requirements of Indiana Code Section 35-33-5-2. *Id.* at 186. Thus, Detective Staggs should have known that establishing Heather's credibility or corroborating her hearsay statements was necessary. *Brown v. State*, 905 N.E.2d 439, 447 (Ind. Ct. App. 2009). The detective also should have known that the other statements in the affidavit did not provide probable cause to search Basinger's residence. Therefore, we conclude that the detective's reliance on the validity of the warrant was not objectively reasonable and thus the good-faith exception is inapplicable. The trial court's ruling is affirmed.

[14] Affirmed.

May, J., concurs.
Kirsch, J., dissents without opinion.